### FLANAGAN *v.* NEW YORK & N. H. R. Co.

*(Supreme Court, General Term, Second Department.*   February 12, 1890.)

CARRIERS—INJURIES TO PASSENGERS—SUDDEN STARTING.

A train stopped so short a time at a station that a passenger without bundles could scarcely get off before it started.   A passenger incumbered with packages was found, at the station to which he had bought a ticket, mortally wounded by the cars.   No one saw him get off.   *Held,* that a jury could infer that the accident was caused by the sudden starting of the train.   PRATT, J., dissenting.

Appeal from circuit court, Westchester county.

An action by Bridget Flanagan, as administratrix of Cornelius F. Flanagan, against the New York & New Haven Railroad Company, to recover damages for the death of her 'intestate while a passenger on defendant's cars. There was a verdict for plaintiff.   From the judgment rendered thereon defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Page & Taft,* for appellant.   *Martin J. Keogh,* for respondent.

BARNARD, P. J.   The case shows that Cornelius F. Flanagan, deceased, was a passenger on the defendant's railroad in January, 1886, from Mt. Vernon to Pelhamville.   When the train reached Pelhamville it was very dark. The train stopped so short a time that a passenger without bundles could scarcely get off before the train started up.   The deceased was incumbered with packages, and was found so injured that he died the next day.   His packages were lying about the place where he was hurt, which was very much to the eastward of the usual place of stoppage.   The rule of duty upon the defendant as to the passengers is so plain and well settled as to need no authority.   The deceased was entitled to have sufficient time in which to get from the cars to the ground.   The proof shows that this was not done.   The witness Spark testifies that the train started so quickly that he had not sufficient time to get upon the platform of the station, and let go the support of the iron brace of the car, before the train started, and gave him a jerk, from the quick motion.   He was the only passenger who got off at the end of the car in which he was riding.   The deceased was on a forward car, and no one testifies that he saw him get off, but he was found mortally wounded by the cars, with marks as if he had been dragged in this condition.   The jury can easily infer that this accident was caused by the sudden starting of the cars, under the evidence given.   The stopping of the train out of the usual place was proper.   It accounted for the haste in starting.   The train run so fast in the station that it could not stop in the usual place.   Besides this, it was proven that there were no lights east of the station, where the train actually stopped, and it was competent to show that the defendant furnished no light at the place where the passengers were required to leave the car.   It is too late to raise the question as to the letters of administration.   The answer only denied

knowledge and belief, and the trial proceeded as if the plaintiff was administratrix. The rule is well settled that, when an objection can be obviated if made at the time, it is too late to raise the question after an appeal. The judgment should therefore be affirmed, with costs.

DYKMAN, J., concurs.

PRATT, J., (*dissenting*.) This case is barren of any proof as to how Flanagan came to his death, and therefore the plaintiff failed to establish that the deceased at the time he was killed was in the exercise of due care. It seems to me that the most reasonable inference to be drawn from the proofs in the case was that the deceased attempted to alight from the train while it was in motion. The places where blood was, and the articles with which he was incumbered were found, indicate that he did not attempt to get off of the train until after it had started. Under these circumstances, the natural instinct of self-preservation alone is not sufficient to establish the affirmative issue of due care. How the accident happened is left entirely to speculation. The rule for such cases is laid down in *Tolman* v. *Railroad Co.*, 98 N. Y. 198, as follows: "In an action for negligence causing death, the burden of establishing affirmatively freedom from contributory negligence is upon the plaintiff; and while, although there were no eye-witnesses of the accident, and although its precise cause and manner of occurrence are unknown, absence of contributory negligence may be established sufficiently to make it a question of fact for the jury by proof of such facts and surrounding circumstances as reasonably indicate, or tend to establish, that the accident might have occurred without negligence on the part of the deceased, yet if the facts and circumstances, coupled with the occurrence of the accident, do not indicate, or tend to establish, the existence of some cause or occasion therefor which is consistent with proper care and prudence, the inference of negligence is the only one to be drawn, and defendant is entitled to a nonsuit." The only reasonable inference to be drawn from all the testimony is that the deceased did not attempt to get off with the other passengers who stopped at the depot, but remained on the car until after the train started, and fell under the car while it was in motion. This seems to be the only theory consistent with all the facts. On the evidence as it stood at the close of the case, the question of due care on the part of the deceased was purely speculative, and ought not to have been submitted to the jury as a question of fact. As this point goes to the merits of the case, no other exception need to be considered. Judgment reversed, and new trial ordered, costs to abide the event.